813 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SOVRAN MORTGAGE CORPORATION, Appellant,
v.
FCA MORTGAGE CORPORATION, Appellee.
FCA MORTGAGE CORPORATION, Appellant,
v.
SOVRAN MORTGAGE CORPORATION, Appellee.
 Nos. 85-2124, 85-2125.
 United States Court of Appeals, Fourth Circuit.
 Argued July 15, 1986.
Decided Oct. 3, 1986.
 
 Before MURNAGHAN and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 John F. Kay, Jr. (Stephen A. Northrup; Philip C. Baxa; Mays & Valentine, on brief), for appellant.
 John E. Harrison (Jack L. Wuerker; Kelly R. Dennis; Light & Harrison, P.C.; Steven H. Oram, on brief), for appellee.
 PER CURIAM:
 
 
 1
 This is a contract dispute in the diversity jurisdiction. The plaintiff, Sovran Mortgage Corp., is the largest residential mortgage lender in Virginia. The defendant, FCA Mortgage Corp., is a California corporation in the business of purchasing residential mortgages from lenders such as Sovran. In July 1984, FCA refused to purchase 80 loans initiated by Sovran which either were delivered to FCA in an untimely manner or were lacking some other condition precedent to purchase, or both. Sovran sued, claiming that FCA had waived the requirements that these loans failed to meet or was estopped from enforcing those requirements. The district court found no evidence of waiver or estoppel and entered judgment for FCA. We now affirm.
 
 
 2
 The evidence is that neither Sovran nor FCA was prepared to handle the flood of business prompted by FCA's entry into the secondary residential mortgage market in Virginia and, as a result, neither party acted strictly in accordance with the requirements for loan repurchase which ostensibly governed their business relationship. Nevertheless, beginning in June 1984, FCA repeatedly warned Sovran and other lenders that it would no longer grant extensions for the submission of completed loan packages or additional time to make incomplete packages complete. Unfortunately, the Sovran officer assigned to monitor the FCA program failed to read these warnings. The district judge made findings of fact to this effect, and they are fully supported by the record.
 
 
 3
 The sole issue before us is whether Sovran succeeded in proving, by clear and convincing evidence, waiver or estoppel on the part of FCA. We agree with the district court that Sovran failed to show that FCA knowingly relinquished its rights, and thus waived their enforcement as to these 80 loans, or that Sovran justifiably relied on FCA's earlier business practices, thus estopping FCA. For the reasons stated by the district court, therefore, the judgment is affirmed.
 
 
 4
 AFFIRMED.